[Civil No. 2157.  Filed April 20, 1923.]

[214 Pac. 316.]

BOARD OF SUPERVISORS OF MARICOPA COUNTY, ARIZONA, S. K. PHILLIPS, J. H. WILLIAMS and C. S. STEWART, Members Thereof, and JOHN B. WHITE, Clerk of Said Board of Supervisors, ROOSEVELT ELECTRICAL DISTRICT No. 3, in Maricopa County, Arizona, and GRAY ARCHER, E. D. RYDER, WALTER R. STRONG, ERIC HANSON, A. C. BRADLEY, J. T. BOWLES and ROLLIN HOWARD, Members of the Board of Trustees of Said Electrical District, Appellants, v. ALLEN V. FAUST, Appellee.

ELECTRICITY — ISSUE OF BONDS BY ELECTRICAL DISTRICT ORGANIZED UNDER INVALID STATUTE WILL BE RESTRAINED.—Where an electrical district organized under Acts of the Regular Session of the Second Legislature, chapter 49, as amended by Acts of the Regular

See 20 C. J., p. 307 (1925 Anno.).

Session of the Fourth Legislature, chapter 133, undertook to issue bonds in accordance with Laws of 1922, chapter 19, repealing the acts mentioned except as to the particular district, and both of the acts under which the district was organized were unconstitutional and not cured by the act of 1922, a judgment for plaintiff restraining the issuance of such bonds will be affirmed.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Fred C. Struckmeyer, Judge. Affirmed.

Mr. O. E. Schupp and Mr. G. S. Cunningham, for Appellants.

Mr. Joseph E. Noble, for Appellee.

LYMAN, J.—Roosevelt electrical district No. 3, one of the parties appellant to this action, was restrained by the judgment of the superior court from issuing its bonds in the sum of $75,000, for the alleged purpose of constructing electrical transmission lines and other equipment, to be used for supplying the residents of that district with electrical current for domestic and power purposes. This appeal is from that judgment. This district undertook to organize under the provisions of chapter 49 of the Acts of the Regular Session of the Second Legislature, as amended by chapter 133 of the Acts of the Regular Session of the Fourth Legislature of the State of Arizona. It then undertook to issue the bonds in question in accordance with the provisions of chapter 19 of the Session Laws of 1922, which repeals the acts just mentioned, excepting as to this and other districts already organized in accordance with those acts.

This legislation was before this court for consideration, and the constitutionality of the first two laws was definitely passed upon, in the case of *Kinne* v. *Burgess,* 24 Ariz. 463, 211 Pac. 573. For the reason stated in the opinion in that case, both these two acts

were held unconstitutional, and the effect of the act of 1922 was not found to cure any infirmity in the organization of districts under the first two acts. Further than that the act of 1922 was not considered. This state of the law disposes of the case, whatever our opinion might be concerning the act of 1922. It can hardly be urged, however, that the act of 1922 avoids the defects which invalidated the other acts.

In addition to the questions which were discussed and decided in the case of *Kinne* v. *Burgess*, counsel have urged upon the consideration of the court this question: Is the distribution of electric current for domestic and power purposes to residents of a rural community such a public purpose that it may be done by means of funds provided by taxation? An answer to that question in this case would settle nothing, because it is not raised by the pleading and could not arise under the statute in question. Neither the act under which this district was organized nor the later one, under which it now assumes to act, deals with the distribution of electricity alone, nor even chiefly. None of these acts clearly and definitely define the purpose for which districts are to be organized, nor definitely limit the powers which are to be exercised.

There is found in the act of 1922 various provisions conferring upon the board of directors of such districts certain powers. In section 9 it is said that—

"The directors of an electrical district formed under this act shall have the power to acquire for the use and benefit of persons living in such electrical district such personal property, real estate, right of way, franchises, patents, licenses, easements, privileges, exemptions, donations, contracts or other property as in their judgment may be needed or useful in the conduct of the affairs of such electrical district; and to hold, own, use and operate the same. They shall have power to acquire by original construction or otherwise and to hold, own and operate

hydraulic, electric, gas and power generating plants and all machinery, appliances or apparatus useful or needful in generating, storing, building and using of power, gas, and electricity; to acquire, lease, own and operate water, hydraulic, steam, gas and other power plants and property for generating, making, storing, using and delivering power, electricity and gas, and to sell and distribute the same as herein provided for.''

Section 7 provides that—

''In the event a district shall have available from any source a surplus of electrical energy or gas, then it may sell and supply such electrical energy or gas to consumers outside of the boundaries of the district.''

Giving to these somewhat vague and indefinite grants of power the most restricted construction, it will be found that the distribution of electricity to the residents of a given district is only one, and apparently a minor, purpose for which this statute provides. It is not contended, and probably would not be seriously contended, that all of the manifold activities, provided for by this statute under the conditions suggested by it, are such public purposes as to authorize the levy of taxes to carry them on.

The judgment of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.